UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CIV-14155-MARTINEZ/MAYNARD

**UNITED STATES OF AMERICA,**

    Petitioner,

vs.

**MICHAEL KRASKA,**

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Pending before the Court is the Government's Petition to Enforce Internal Revenue Service Summons ("Petition"). DE 1. On July 17, 2024, I entered an Order Setting Show Cause Hearing directing Respondent, Michael Kraska ("Mr. Kraska") to appear before this Court to show cause why he should not be compelled to obey the Internal Revenue Service ("IRS") summons served upon him on August 9, 2022. DE 1-3. I ordered that the Show Cause Hearing be scheduled for September 27, 2024. DE 4. Thereafter, I entered an Order *Sua Sponte* Resetting Show Cause Hearing to November 5, 2024, due to weather-related concerns. DE 7. Having carefully reviewed the record and hearing argument of Petitioner's counsel, I recommend that the Petition be **GRANTED** for the following reasons:

**BACKGROUND**

    The IRS is investigating the financial status of Mr. Kraska in connection with the collection of outstanding tax liabilities. DE 1 at 2; DE 1-2 at ¶ 3. On August 9, 2022, Revenue Officer

1

Lynnette Roux[1] served an IRS summons on Mr. Kraska by leaving an attested copy of the summons at his last and usual place of abode. DE 1-2 at ¶ 5. The summons directed Mr. Kraska to appear before Ms. Roux on September 7, 2022, and provide testimony, as well as certain records and documents for the period of January 1, 2022, to the date of compliance. *Id.* at ¶ 4; DE 1-3 at 1. Mr. Kraska did not appear on September 7, 2022. DE 1-2 at ¶ 5.

On September 22, 2022, the IRS sent a letter to Mr. Kraska, directing him to appear on October 12, 2022. DE 1-2 at ¶ 6; DE 1-3 at 3-7. Once again, Mr. Kraska did not appear. DE 1-2 at ¶ 6.

On May 31, 2023, the Government filed its Petition pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) of the Internal Revenue Code. DE 1. The Petition seeks a show cause order be issued with respect to enforcement of the summons. *Id.* at 5.

On July 17, 2024, I entered an Order Setting Show Cause Hearing directing Mr. Kraska to show cause why he should not be compelled to obey the IRS summons. DE 4 at ¶ 1. The Government was ordered to personally serve Mr. Kraska by August 16, 2024, and file Proof of Service no later than August 21, 2024. *Id.* at ¶¶ 3, 5. The Government was to serve Mr. Kraska both with its Petition (including exhibits) and a copy of the Order Setting Show Cause Hearing. *Id.* at ¶ 3. On August 21, 2024, the Government filed a Notice of Constructive Service which attached several Proofs of Service. DE 6. Any defense or opposition to the Government's Petition was to be filed by Mr. Kraska on September 16, 2024, with notice that failure to do so would result in an admission of the allegations in the Petition. DE 4 at ¶ 9. Mr. Kraska did not file a response. Mr. Kraska was also warned that failure to comply with the Order may subject him to sanctions for contempt of court. *Id.* at ¶ 11.

---

[1] Revenue Officer Lynnette Roux is an IRS pseudonym used within the scope of employment as authorized under IRS regulations. *See* DE 1-2 at ¶ 2.

The Order to Show Cause hearing was originally scheduled for September 27, 2024. *Id.* at ¶ 2. When to the show cause hearing was *sua sponte* reset to November 5, 2024, Mr. Kraska was again given the opportunity to respond with any opposition or defense to the Government's Petition by October 15, 2024. DE 7. Mr. Kraska did not file a response. The Order to Show Cause hearing was held on November 5, 2024, and Mr. Kraska did not appear.

## DISCUSSION

The district courts of the United States have jurisdiction to "compel such attendance, testimony, or production of books, papers, records, or other data" pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) of the Internal Revenue Code. To enforce a summons, the Government must demonstrate that: (1) the summons was issued for a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information sought is not already within the IRS's possession and (4) the IRS has followed the appropriate administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. Adams*, 2024 WL 4678111, at *1 (11th Cir. Nov. 5, 2024) (affirming district court's order granting the Government's petition to enforce an IRS summons issued as part of investigation to collect unpaid federal tax liabilities).

Here, the Government has made a prima facie showing through the Declaration of IRS Revenue Officer Ms. Roux, which states that (1) the IRS investigation was being conducted for the purpose of determining Mr. Kraska's financial status in connection with collecting outstanding tax liabilities; (2) obtaining Mr. Kraska's testimony, as well as the books, records, papers or other data sought in the summons is relevant to determine Mr. Kraska's financial status and tax liability; (3) the books, records, or papers sought are not in the IRS' possession; and (4) all administrative steps required by the Internal Revenue Code have been taken. DE 1-2 at 2-3.

With this showing made, the burden shifts to the party opposing the summons to disprove at least one of the four elements of the Government's prima facie showing or else convince the court that enforcement would constitute an abuse of the court's process. *United States v. Medlin*, 986 F.2d 563, 466 (11th Cir. 1993). Mr. Kraska failed to timely file any opposition or defense to enforcement of the summons by Court-ordered deadlines. DE 4; DE 7. Therefore, Mr. Kraska has waived any objections to same.

The Government argued both in its Notice of Constructive Service and during the Show Cause Hearing that service was effectuated upon Mr. Kraska. Specifically, the Government made a total of seven (7) documented attempts to serve Mr. Kraska with the Petition (including exhibits) and Order Setting Show Cause Hearing. DE 6 at 2-5. Beginning on July 19, 2024, Revenue Officer Jennifer Bell[2] ("Ms. Bell") attempted to serve Mr. Kraska at 557 SW Twig Avenue, Port St. Lucie, Florida 34984, but it was discovered Mr. Kraska was evicted upon arrival. DE 6-1 at ¶ 4. As a result, Ms. Bell conducted a diligent inquiry to ascertain Mr. Kraska's whereabouts, which included the review of various income documents. *Id.* at ¶¶ 5, 11. A new address was obtained at which Mr. Kraska's registered vehicle was parked in the driveway—this address was 516 SE Felix Avenue, Port St. Lucie, Florida 34984. *Id.* at ¶ 11. The address was provided to all other Revenue Officers[3] attempting personal service on Mr. Kraska. *Id.* at ¶ 12.

On July 26, 2024, Ms. Bell attempted to serve the Government's Petition with exhibits and the Order Setting Show Cause Hearing on Mr. Kraska. DE 6-2 at 2. Mr. Kraska's vehicle was observed in the driveway. *Id.* at 2, 6. Mr. Kraska did not answer his door, so the documents were taped onto his door in an envelope. *Id.* at 2, 4.

---

[2] Ms. Bell is acting under an IRS pseudonym.

[3] In addition to Ms. Roux and Bell, Revenue Officers Lawrence Whitlock and Hector Lavoe are acting under an IRS pseudonym as authorized under IRS regulations. DE 6-3 at p. 2; DE 6-8 at p. 2.

4

On July 29, 2024, Revenue Officer Lawrence Whitlock ("Mr. Whitlock") attempted to serve the Government Petition with exhibits and Order Setting Show Cause Hearing on Mr. Kraska. DE 6-3 at 2. Mr. Kraska's vehicle was observed in the driveway. *Id.* Mr. Kraska did not answer his door, and the previous documents taped to his door were removed. *Id.* Mr. Whitlock again taped the documents onto Mr. Kraska's door. *Id.*

On July 30, 2024, Mr. Whitlock attempted to serve the Government's Petition with exhibits and Order Setting Show Cause Hearing on Mr. Kraska. DE 6-4 at 2. Mr. Kraska's vehicle was not observed in the driveway. *Id.* Mr. Kraska did not answer his door. *Id.* The documents previously taped to the door were removed. *Id.* Mr. Whitlock again taped the documents in an envelope to Mr. Kraska's door. *Id.* at 2, 4.

On August 1, 2024, Ms. Bell attempted to serve the Government's Petition with exhibits and Order Setting Show Cause Hearing on Mr. Kraska. DE 6-5 at 2. Mr. Kraska's vehicle was observed in the driveway. *Id.* Mr. Kraska did not answer his door. *Id.* The documents previously taped to Mr. Kraska's door were removed. *Id.* Once more, Ms. Bell taped the documents onto Mr. Kraska's door. *Id.*

On August 2, 2024, Ms. Roux attempted to serve the Government's Petition with exhibits and Order Setting Show Cause Hearing on Mr. Kraska. DE 6-6 at 2. Mr. Kraska's vehicle was not observed in the driveway. *Id.* Mr. Kraska did not answer his door. *Id.* The documents previously taped onto Mr. Kraska's door were removed. *Id.* Ms. Roux again taped the documents in an envelope to Mr. Kraska's door. *Id.* at 2, 4.

On August 5, 2024, Mr. Whitlock attempted to serve the Government's Petition with exhibits and Order Setting Show Cause Hearing on Mr. Kraska. DE 6-7 at 2. Mr. Kraska's vehicle was not observed in the driveway. *Id.* The documents previously taped onto Mr. Kraska's door

were removed. *Id.* Mr. Whitlock again taped the documents to Mr. Kraska's door. *Id.*

On August 17, 2024, Revenue Officer Hector Lavoe ("Mr. Lavoe") attempted to serve the Government's Petition with exhibits and Order Setting Show Cause Hearing on Mr. Kraska. DE 6-8 at 2. Mr. Kraska's vehicle was observed in the driveway. *Id.* at 2, 4. Mr. Kraska did not answer his door. *Id.* at 2. The documents previously taped to Mr. Kraska's door were removed. *Id.* Mr. Lavoe taped documents to Mr. Kraska's door. *Id.* at 2, 6.

Based upon a review of each Proof of Service submitted in support of the Government's Notice of Constructive Service, I am satisfied with the due diligence exercised to locate Mr. Kraska and effectuate service. The observation from each Revenue Officer that the Petition with exhibits and Order Setting Show Cause Hearing were removed from Mr. Kraska's door each time a new attempt at personal service was made, coupled with Mr. Kraska's registered vehicle often being in the driveway when the Revenue Officers attempted to serve him, supports that he was constructively served with the Petition and Order Setting Show Cause Hearing. *See* DE 6-2; DE 6-3; DE 6-4; DE 6-5; DE 6-6; DE 6-7; DE 6-8.

Furthermore, the Clerk of Court was directed to send legal notice to Mr. Kraska at the new address of 516 SE Felix Avenue, Port St. Lucie, FL 34984, which was provided in the Government's Notice of Constructive Service. DE 7. The Clerk of Court complied with this directive and filed a Notice of Compliance in support thereof. DE 7; DE 8.

The IRS has met its burden in this case. The sworn declarations of several Revenue Officers set forth facts sufficient to satisfy the four-prong test for enforcement. No substantive objections were made in writing or at the show cause hearing. Because the allegations contained in the Petition are entirely unrebutted, this Court accepts them as true and finds the Government has met its burden here.

## CONCLUSION

Based on the foregoing, I respectfully **RECOMMEND** that:

1. The Government's Petition to Enforce IRS Summons be **GRANTED.**

    **Respondent Michael Kraska should be ordered to respond to the August 9, 2022, IRS Summons within twenty (20) days from the date of the presiding U.S. District Judge's Order on this Report and Recommendation by appearing before a representative of the IRS within that time period and giving testimony and producing for examination certain books, papers, records, or other data as required by the IRS Summons.**

2. Mr. Kraska should further be cautioned that his failure to comply with any portion of the Order entered by the District Court may subject him to contempt or other appropriate sanctions, up to and including incarceration.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2024). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of Non-Objection within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 26th day of November, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE